UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES FOREST SERVICE,<br><br>　　　　Defendant. | No. 2:18-cv-02404-JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL** |

I. INTRODUCTION

This case concerns the implementation of the Cove Fire Salvage and Restoration Project (the "Project"). Plaintiff Conservation Congress sought a preliminary injunction to enjoin Defendant United States Forest Service's ("the Forest Service") completion of the Project, which the Court denied on October 30, 2018. Conservation Congress has now moved for a preliminary injunction pending appeal. Mot., ECF No. 28. The Forest Service submitted an opposition, Opp'n, ECF No. 41, and Conservation Congress waived its reply, Stip., ECF No. 37.[1] For the reasons set forth below, the Court denies Plaintiff's Motion.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62(c) provides that "while an appeal is pending from an interlocutory order . . . den[ying] an injunction, the court may . . . grant an injunction on terms . . . that secure the opposing party's rights." Fed. R. Civ. P. 62(c). There is a substantial overlap between the standard governing a motion for injunction pending appeal, a motion for stay pending appeal, Alcresta Therapeutics, Inc. v. Azar, 318 F. Supp. 3d 321, 325 n.2 (D.D.C. 2018), and a motion for preliminary injunction, Nken v. Holder, 556 U.S. 418, 434 (2009). Much like the four-part test in Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008), Rule 62(c) requires the court to balance the following four factors: (1) whether the applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

## III. OPINION

The Court carefully evaluated Conservation Congress's challenges to the Forest Service's Cove Fire Project in its order denying the motion for a preliminary injunction. Order, ECF No. 26. Conservation Congress argues that the Court's order erred in its decision on irreparable harm. Mem. Supp. Mot. for Inj. Pending Appeal ("Mem."), ECF No. 31, p. 2.

### A. Likelihood of Success on the Merits

In the Preliminary Injunction Order, the Court held that

Conservation Congress established a possibility of success on several claims based on the brevity of the Forest Service's arguments on those claims. Order at 8-9. But this is insufficient to satisfy the showing a movant must make to secure an injunction pending appeal.

Hilton requires that Conservation Congress provide a "strong showing that [it] is likely to succeed on the merits." 481 U.S. at 776. The mere possibility of success is too low a bar for the granting of such extraordinary relief. Winter, 555 U.S. at 22 ("[T]he Ninth Circuit's 'possibility' standard is too lenient."); Nken, 556 U.S. at 434-35 ("[M]ore than a mere 'possibility' of relief is required."). As Conservation Congress did not provide a strong showing that it is likely to succeed on the merits, this factor weighs against the issuance of an injunction pending appeal.

B. Likelihood of Irreparable Harm

Conservation Congress first misinterprets the Court's Order denying the requested injunction, arguing that the Court only considered its members' desire to observe roadside habitat recover from fire. Mem at 4-5. Indeed, the Court considered each of the submitted declarations and the interests asserted within, Order at 10, which expand beyond road-adjacent land and included the desire to view nature. The Court found that there was insufficient evidence that the Project posed immediate and substantial harm to Conservation Congress's members' specific interests. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a

plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.").

Second, Conservation Congress misquotes the Order, alleging the Court stated that "logging of large, mature trees does not constitute irremedial [sic] harm." Compare Mem. at 9 with Order at 11 ("The organization argues that the logging of large, mature trees constitutes an irremediable harm"). The Court found that logging alone does not constitute irreparable harm, absent a plaintiff's demonstration that substantial and identifiable harms would result from that logging. See All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011); Earth Island Inst. v. Carlton, 626 F.3d 462, 474 (9th Cir. 2010) (rejecting the argument that "logging is per se enough to warrant an injunction").

To obtain an injunction pending appeal, Conservation Congress needs to show its members would be irreparably injured absent an injunction. Hilton, 481 U.S. at 776. The organization has failed to carry that burden. This factor also weighs against granting Conservation Congress's motion.

C. Balance of the Equities and the Public Interest

To obtain injunctive relief pending appeal, Conservation Congress must establish that the issuance of an injunction will not substantially injure other parties interested in the proceeding and that an injunction is in the public's interest. Hilton, 481 U.S. at 776.

Conservation Congress's motion relies on the assumption that roadside tree removal is already complete, and thus no one would be hurt other than the "minor impacts to [the Forest Service]

4

and outside third parties." Mem. at 10. The Forest Service argues that hazardous trees are still being removed, Status Report, ECF No. 40, and that the ongoing threat of forest fires in California, as well as economic harm to the local community, weighs against an injunction. Opp'n at 10-12.

Conservation Congress's perfunctory assessment of the impacts on third parties and the public interest fails to address the Project's overarching objectives: reducing fuel loads to help the landscape withstand future fires, minimizing the danger caused by hazardous trees along roads, recovering the economic value of trees killed and damaged by the Cove Fire, and accelerating habitat recovery through reforestation. In its briefing, Conservation Congress fails to address the risk to the habitat, wildlife, and firefighters if another fire burns through the area, or the financial impact to the local community from abrupt discontinuation of the Project. Because of this deficiency, as well as the arguments and evidence cited in the Forest Service's Opposition, the Court does not find that the equitable factors weigh in favor of granting relief. Conservation Congress has not shown entitlement to the extraordinary relief it seeks.

## IV. ORDER

For the reasons set forth above, the Court DENIES Conservation Congress's Motion for Injunction Pending Appeal.

IT IS SO ORDERED.

Dated: November 20, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE