MCGREGOR W. SCOTT
United States Attorney
KELLI L. TAYLOR
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
(916) 554-2700
Kelli.L.Taylor@usdoj.gov

JEAN E. WILLIAMS
Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
HAYLEY A. CARPENTER, Trial Attorney, CA Bar No. 312611
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, DC 20044 7611
(202) 305-3895
hayley.carpenter@usdoj.gov

Attorneys for the Defendant U.S. Forest Service

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| CONSERVATION CONGRESS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE,<br><br>Defendant. | No. 2:18-CV-02404-JAM-CKD<br><br>**DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE DECLARATIONS OF: DENISE BOGGS, CHAD HANSON, KYLE HAINES (amended & supplemental), LYLE LEWIS, AND DOUGLAS BEVINGTON [ECF NOs. 65, 66, 67, 68, 73, 77, 79]**<br><br>Date: July 30, 2019<br><br>Time: 1:30 p.m.<br><br>Courtroom: 6<br><br>Hon. John A. Mendez |

## I. INTRODUCTION

Along with its summary judgment brief, Plaintiff has submitted six post-decisional, extra-record declarations that go far beyond standing assertions and improperly include legal argument and extra-record photos and documents. Plaintiff has not invoked any exception to the normal APA rule, under which claims are reviewed based on the administrative record that was before the decision-maker at the time of the decision, to justify this departure. Plaintiff's declarations also include extensive legal argument in an apparent effort to sidestep this Court's 30-page briefing limit. Plaintiff's declarations likewise include extra record materials despite the fact that, being the Plaintiff, it had control of the subject matter of the claims it presented, and the Court's deadlines for moving to supplement the record have long since passed. Plaintiff cannot deprive the Forest Service of an opportunity to respond to a timely motion to supplement, and avoid the consequences of electing to forgo that motion, by simply attaching post-decisional documents to declarations submitted with summary judgment briefing. Plaintiff's attempt to do this is particularly unfounded where it has failed to explain why supplementation is justified. Accordingly, this Court should strike all but the standing argument portions of Plaintiff's six declarations and attachments and the portion of arguments in Plaintiff's summary judgment brief that rely on this improper material.

## II. PROCEDURAL HISTORY

On August 31, 2018, Plaintiff Conservation Congress filed its complaint in this action challenging the U.S. Forest Service's ("Forest Service") Cove Fire Project ("Project") under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370m-12, and the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600-1687. Because NEPA and NFMA do not provide a private right of action, Conservation Congress's claims are reviewed under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.

After filing the complaint, Plaintiff filed a motion for preliminary injunction to prevent the Project from proceeding. ECF No. 11. Plaintiff's motion was denied after extensive briefing. ECF No. 26. Plaintiff filed a notice of appeal and moved in both this Court and the Ninth Circuit to stay the Project pending its appeal. ECF Nos. 27, 28; Ninth Circuit No. 9. That

motion was denied by both courts.  ECF No. 43; Ninth Circuit No. 13.  While Plaintiff's appeal of the denial of the preliminary injunction was being briefed, the parties proceeded with the district court action.  On November 9, 2018, the parties agreed to various deadlines in this case, including that Plaintiff had to file a motion challenging the Administrative Record by January 21, 2019.  ECF No. 36.  That deadline was subsequently extended three times until March 18, 2019.[1]  ECF Nos. 52, 55, 63.  Indeed, Plaintiff filed a motion to supplement the record on March 14, 2019, ECF No. 60-62, but withdrew it nearly two weeks later.  ECF No. 70.  Even though Plaintiff withdrew its motion to supplement, it now attempts to have the Court consider two of the documents it raised in its motion (ECF Nos. 61-7, 61-11) in full, and excerpts of another (ECF No. 61-10) through declaration exhibits (Bogg Decl. Ex. 66-3, 66-4, 66-5) without any showing as to why the Court can look outside the Administrative Record.

After intentionally bypassing this Court's straightforward processes for requesting additional briefing pages and the addition of extra-record materials to the record, Plaintiff instead unilaterally submitted six declarations with their summary judgment briefing that contains information in violation of this Court's orders as follows:

| Declarations | Argumentative and/or Extra Record Paragraphs & Materials |
|---|---|
| Lyle Lewis, ECF No. 65 | ¶¶ 9, 11-20, 23-30 |
| Denise Boggs ECF No. 66 | ¶¶ 21-105<br>Exhibits 1-5 |
| Douglas Bevington ECF No. 67 | ¶¶ 14, 16, 23-26<br>Exhibit 1 |
| Chad Hanson, ECF No. 68 | ¶¶ 9-11, 15-19<br>Exhibit 2 |
| Kyle Haines (Original), ECF No. 73 | ¶¶ 21-25, 27-30, 32-33, 39 |

---

[1] In addition to repeatedly extending the schedule at the parties' requests, this court also agreed to enlarge its standard page limits from 25-pages to 30-pages for this brief. ECF Nos. 36, 52.

| Kyle Haines (Supplemental, Unsigned), ECF No. 77[2] | ¶¶ 1-10<br>Exhibits 1-12 |
|---|---|
| Kyle Haines (Supplemental, Signed), ECF No. 79 | ¶¶ 1-10<br>Exhibits 1-12 |

The Court should strike all of the above identified portions of the declarations, and the portions of Plaintiff's summary judgment brief that rely on them, for the reasons explained below.

### III.   STATUTORY BACKGROUND

The fundamental rules governing review of this APA case demonstrate that Plaintiff's declarations and exhibits are improper.

**A. Judicial review of final agency actions under the APA.**

Because NEPA and NFMA provide no private cause of action, Conservation Congress's claims are reviewed under the APA. *See Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc), *overruled on other grounds by Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008). "The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (citing *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402 (1973), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)). Under the APA, the agency is responsible for compiling the administrative record of its decision, including only the documents upon which the agency relied directly and indirectly. *California v. U.S. Dep't of Labor*, No. 2:13-CV-02069-KJM-DAD, 2014 WL 1665290, at *4 (E.D. Cal. Apr. 24, 2014) ("Common sense dictates that the agency determines what constitutes the 'whole' administrative record because 'it is the agency that did the 'considering,' and that therefore is in a position to indicate initially which of the materials were

---

[2] In addition to containing improper argument and extra-record materials, the two supplemental declarations of Kyle Haines are also untimely. Plaintiff's summary judgment brief was timely filed on April 4, 2019, ECF No. 75, yet the two Haines supplemental declarations were not submitted until nearly three weeks later in late April. ECF Nos. 77, 79. Once again, Plaintiff did not seek approval to file these additional declarations in violation of the Court's orders.

'before' it-namely, were 'directly or indirectly considered.'" (quoting *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006))). Although "a document need not literally pass before the eyes of the final agency decision maker to be considered part of the administrative record," *Sequoia Forestkeeper v. U.S. Forest Serv.*, No. 1:09-cv-00392-LJO-JLT, 2010 WL 2464857, at *5 (E.D. Cal. June 12, 2010) (quotations omitted), "[t]he proper touchstone remains the decision makers' actual consideration" of the document. *Id.* at *6 (citation omitted).

B. **Exceptions to the APA record review rule.**

The Ninth Circuit has recognized four narrow exceptions for expanding the review beyond the administrative record. *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988), *amended*, 867 F.2d 1244 (9th Cir. 1989). The court may inquire outside the record: (1) when necessary to explain the agency's action; (2) when it appears that the agency decision-maker relied on materials or documents which were omitted from the record; (3) when necessary to explain technical terms or complex subject matter involved in the agency action; or (4) when there is a "strong showing of bad faith or improper behavior." *See id.* at 1436-37 (citation omitted). The party seeking to expand the administrative record bears the burden of demonstrating that its proposed extra-record submission fits within one of the "narrow exceptions" to record-review. *Ranchers Cattlemen Action Legal Fund United Stockgrowers v. USDA*, 499 F.3d 1108, 1114 (9th Cir. 2007); *San Luis & Delta Mendota Water Auth. v. U.S. Dep't of Interior*, 984 F. Supp. 2d 1048, 1055 (E.D. Cal. 2013). "Keeping in mind the Supreme Court's concerns with reviewing court factfinding, the Ninth Circuit has approached these exceptions with caution, lest the exception undermine the general rule." *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 603 (9th Cir. 2014) (internal quotation marks, alteration, and citation omitted), *cert denied by Stewart & Jasper Orchards v. Jewell*, 135 S. Ct. 948 (2015) *and cert. denied by State Water Contractors v. Jewell*, 135 S. Ct. 950 (2015).

## IV. ARGUMENT

### A. Post-decisional declarations that do not fit within any recognized exception are not properly considered in this APA case.

The Ninth Circuit has repeatedly held that a Court's review of an agency's compliance with NFMA, NEPA, and the ESA is reviewed under the Administrative Procedure Act. *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012) (en banc) (citing *Westlands Water Dist. v. U.S. Dep't of Interior*, 376 F.3d 853, 865 (9th Cir. 2014)); *Greater Yellowstone Coal. v. Servheen*, 665 F.3d 1015, 1023 (9th Cir. 2011). *See, e.g.*, *San Luis & Delta-Mendota Water Auth.*, 747 F.3d at 601–02 (applying APA scope and standard of review to ESA claims against consulting and action agency and limiting review to the administrative record); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1205–06 (9th Cir. 2004); *Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of Navy*, 383 F.3d 1082, 1086 (9th Cir. 2004); *Vill. of False Pass v. Clark*, 733 F.2d 605, 609 (9th Cir. 1984).

The Ninth Circuit has likewise confirmed that to maintain the proper deference to agency decision-making, the court must only sparingly augment the record on review: "Were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

Because the Boggs, Hanson, Lewis, Bevington, and Haines declarations do not appear in the Administrative Record for this litigation and, in fact, post-date the relevant decision at issue in this litigation, they may not be considered. ECF Nos. 65, 66, 67, 68, 73, 77, 79.[3] "Generally,

---

[3] Defendant relies on a few extra-record declarations in its concurrently filed Cross-Motion for Summary Judgment, but these declarations address narrow absences in the lodged Administrative Record that Defendant could not predict before Plaintiff's Summary Judgment Motion was filed. Particularly, these declarations are relied on: (1) to show LRMP compliance with particular standards because the Forest Service elected to comply with the more stringent SNFPA; and (2) to defend against claims based on post-decisional activity that is necessarily not part of the Record. These declarations fall within the first exception to the record review rule

parties may not use post-decision information as a new rationalization either for sustaining or attacking the Agency's decision." *Conservation Cong. v. Heywood*, No. 2:11-CV-02250-MCE-CMK, 2015 WL 5255346, at *8 (E.D. Cal. Sept. 9, 2015) (internal quotation marks, alteration, and citation omitted), *aff'd*, 690 F. App'x 541 (9th Cir. 2017) (Mem.). Nor can Plaintiff, as explained below, use any of the narrow exceptions to record-review to justify the Court's consideration of the declarations. Indeed, Plaintiff never even attempted to argue that these narrow exceptions applied within the deadlines imposed by this Court. Specifically, the parties agreed that Plaintiff's Motion to Challenge the Administrative Record would be due by January 21, 2019. ECF No. 52 at 2. That deadline was then extended three times giving Plaintiff an additional two months to file that challenge. ECF Nos. 52, 55, 63. Indeed, while one of the extension requests was pending Plaintiff filed a motion to supplement but then subsequently withdrew it. ECF Nos. 60, 70. Plaintiff cannot intentionally forego a motion–both sidestepping this Court's specific procedures and depriving the Forest Service of an opportunity to respond– yet still attempt to use this extra-record information by simply attaching it to declarations.

Accordingly, the Court should strike all paragraphs within the six declarations that impermissibly question the agencies' analysis based on extra-record information. [4] Boggs Decl. ¶¶ 21-105, Exs. 1-5; Bevington Decl. ¶¶ 14, 16, 23-26, Ex. 1; Lewis Decl. 9, 11-20, 23-30; Hanson Decl. ¶¶ 9-11, 15-19, Ex. 2; Haines Decl. ¶¶ 21-25, 27-30, 32-33, 39; Haines Suppl. Decl. (in its entirety), Exs. 1-12. Plaintiff's summary judgment brief cites one of these declarations for a non-standing-related purpose with no explanation for why it falls within an

---

because they are necessary to explain the agency's decision. *See Forest Serv. Employees for Envtl. Ethics v. U.S. Forest Serv.*, Case No. 3:17-cv-5747-RBL, 2019 WL 280001 *3 (W.D. Wash. Jan. 22, 2019) (supplementing the record with post-decisional declarations from the Forest Service that demonstrated compliance with forest plan standards). Although the documents were created after the decision being challenged, they describe the agency's contemporaneous analysis, and in the case of post-decisional activity, explain the project implementation at issue.

[4] The Forest Service does not challenge the portions of Plaintiff's declarations that address its standing assertions.

exception. Pl.'s Summ. J. Br. 7, ECF No. 75. These improper paragraphs, and the portion of the summary judgment brief that relies on them, must be stricken.

**B. Conservation Congress Fails To Meet Its Burden To Show That Any of the Declarations Meets the Narrow Exceptions to the Record Review Rule.**

By submitting the declarations with its summary judgment briefs, Plaintiff indicates that it is appropriate for the Court to consider this information despite never having moved to supplement the record nor moving herein for consideration of the declarations. Plaintiff presumably elected not to make those motions because it knew they were unfounded and that it could not make the requisite showing—or any showing—that the declarations meet the Ninth Circuit's exceptions to the record review rule. Specifically, Plaintiff cannot meet its burden to demonstrate that failure to supplement the record will "effectively frustrate[] judicial review." *See Friends of Yosemite Valley v. Scarlett*, 439 F. Supp. 2d 1074, 1090 (E.D. Cal. 2006) (citing *Camp*, 411 U.S. at 143), *aff'd* 520 F.3d 1024 (9th Cir. 2008). Indeed, here, Plaintiff has not even attempted to meet this burden, and thus, having elected not to seek permission to submit this information in the first instance, Plaintiff should not be allowed to do so through any opposition to this motion. The Court should simply strike the improper material without further consideration based on Plaintiff's failure to comply with the Court's orders. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that district courts have inherent power to control their docket. This includes the power to strike items from the docket as sanction for litigation conduct." (internal quotation marks, alteration, and citations omitted)).

None of the four exceptions to record review, identified above, applies to allow admission of the non-standing paragraphs of the declarations. Specifically, the first factor (when necessary to explain the agency action) applies only to the *agency's* use of extra-record information, which by definition does not apply to the Plaintiff's declarations at issue. "Although [the first exception] permits a district court to consider extra-record evidence to develop a background against which it can evaluate the integrity of the agency's analysis, the exception does not permit district courts to use extra-record evidence to judge the wisdom of the

agency's action." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014) (citing *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980)). In evaluating the "relevant factors" exception, "relevance" is not the touchstone. *Ctr. for Envtl. Sci. Accuracy & Reliability v. Nat'l Park Serv.*, No. 1:14-cv-02063-LJO-MJS, 2015 WL 5430278, at *5 (E.D. Cal. Sept. 14, 2015). Indeed, the inquiry is, as stated above, whether the absence of the document will "effectively frustrate[] judicial review." *Id*. (citation omitted). Conservation Congress articulates no explanation why the material in the Services' existing Administrative Records fails to provide the essential background the Court will need to resolve its claims. *See Ctr. for Biological Diversity v. Skalski*, 61 F. Supp. 3d 945, 952 (E.D. Cal. 2014) *aff'd*, 613 F. App'x 579 (9th Cir. 2015) (Mem.) (denying plaintiff's motion to admit extra-record evidence and explaining that "Plaintiffs fail to identify which basic concepts or issues relevant to their motion cannot be understood through consideration of the administrative record alone."); *Heywood*, 2015 WL 5255346, at *8 (holding that the "challenged extra-record statements . . . are not 'necessary to determine whether the agency considered all of the relevant factors" and "[t]he information presented by [Monica] Bond and [Denise] Boggs can . . . be extracted from the record") (internal quotation marks and citation omitted).

For example, the Administrative Record provides a thorough account of the Forest Service's public involvement concerning the Project. AR010513-684. Despite this extensive material in the Administrative Record, the declarations at issue contain extended argument, documents, and alleged facts regarding the sufficiency of notice and public information on the Project put forth by the Forest Service. Boggs Decl. ¶¶ 30-58, Exs. 2-4. The Court does not need this material in excess of the Administrative Record to determine whether the Forest Service complied with NEPA's public involvement requirements.

As to Plaintiff's paragraphs concerning the species at issue, discussed in more detail in the third exception paragraph below, Courts cannot admit evidence under the "relevant factors" exception "as a basis for questioning the agency's scientific analyses or conclusions." *San Luis & Delta-Mendota Water Auth.*, 776 F.3d at 993 (citing *Asarco*, 616 F.2d at 1160-61). But that is precisely what Plaintiff seeks to do here with its declarations discussing the northern goshawk

and Modoc sucker. As Chief Judge England explained when rejecting another attempt by Conservation Congress to submit post-decisional, extra-record declarations in litigation before him, "[e]xtra-record declarations that challenge the merits of the agency's decision do not fall under any exception." *Heywood*, 2015 WL 5255346, at *8 (citing *Envtl. Def. Fund v. Costle*, 657 F.2d 275, 286 (D.C. Cir. 1981)). Where '[t]he record contains sufficient information to explain how the [agency used the information before it] and why it reached its decision,' the exception does not apply." *Skalski*, 61 F. Supp. 3d at 951 (alterations in original) (quoting *Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240-41 (9th Cir. 2010) (Mem.)); *Heywood*, 2015 WL 5255346, at *8.

The second factor (when it appears that the agency decision-maker relied on materials or documents which were omitted from the record) is also inapplicable because the declarations at issue were not before the agency when it made its decision. The declarations were not available to the Forest Service during the decision-making process nor did the Forest Service consider them, directly or indirectly, with respect to any decision regarding the Cove Fire Project. In *Citizens to Preserve Overton Park*, the Supreme Court described the scope of 5 U.S.C. § 706 to require review "on the full administrative record that was *before the Secretary* at the time he made his decision." 401 U.S. at 420 (emphasis added). If any of the information in Plaintiff's declarations or exhibits should have been included in the Administrative Record, the proper way for Plaintiff to handle that dispute would have been through a timely motion to complete the Administrative Record. *See* ECF No. 63. As Plaintiff failed to so move, or even assert that the agency relied on extra-record information, Plaintiff's declarations and exhibits cannot be admitted under this exception.

The third factor ("when necessary to explain technical terms or complex subject matter involved in the agency action") does not support the Court's consideration of the declarations at issue because they do not address technical terms or complex subject matter. Rather, the declarations and exhibits contain general, broad statements concerning wildlife and Project effects. Plaintiff attempts to provide the Court with competing information on the species it is concerned about and how the Project may or may not affect them. *See, e.g.*, Boggs Decl. ¶ 65 ("I

am aware that Northern Goshawks require old, large trees for nesting and prefer a closed canopy."), ¶ 66 ("Post-fire habitat makes it easier for the Northern Goshawk to hunt the woodpecker and to forage."); Lewis Decl. ¶ 25 ("Regarding the Modoc sucker, I am very concerned about the sedimentation the Project may cause in its waters, but I am also concerned about how the Project risks reducing shade near streams . . . . This is not good for the Modoc sucker . . . ."). The declarations at issue are rife with this type of analysis of effects on species, which is improper given that this is not technical information, but the unsupported opinions of the declarants. Among numerous other Administrative Record documents, the Environmental Assessment and the Biological Evaluation/Biological Assessment discuss the habitat needs of the northern goshawk and analyze the Project's impacts to it. AR000267-74, AR000094-99. The Administrative Record also contains analysis of the Project's effects on the Modoc sucker. AR000049, AR000262, AR000265. Plaintiff fails to demonstrate, nor even explicitly argue, that the declarations and exhibits supply the Court with needed technical information.

Finally, the fourth factor (when there is a "strong showing of bad faith or improper behavior") does not apply, nor has Plaintiff alleged bad faith. To the contrary, the Forest Service has gone above and beyond to ensure that the Administrative Record is complete, responding to Plaintiff's requests by engaging in weeks of meet and confer discussions and lodging two Supplemental Administrative Records. The declarants' alleged concerns and conclusions about the scientific integrity of the Forest Service's analysis fall far short of the "strong showing" of bad faith that is required to admit extra record evidence based on the bad faith exception to the APA record review rule. *Animal Def. Council*, 840 F.2d at 1437.

**C. The Declarations Are an Improper End Run Around the Court's Summary Judgment Page Limits.**

Plaintiff attempts to sidestep this Court's 30-page limit by filing declarations that contain argument that is only properly included in the brief.[5] In violation of this page limit, Plaintiff filed declarations that are argumentative in nature. This tactic allows Plaintiff technically to stay

---

[5] The Court expanded the page limit on summary judgment cross-motions from the default 25 pages to 30 pages per the parties' stipulated request. ECF Nos. 36, 52.

within the bounds of the page limit while exceeding that limit in effect. The Court should strike all argument from the declarations—which is the large majority of each—as an improper circumvention of the Court's Order.

Page limits are important, not just to regulate the Court's workload, but also to encourage the parties to be concise, and they thus benefit the parties and the Court. *Morgan v. South Bend Cmty. Sch. Corp.*, 797 F.2d 471, 480 (7th Cir. 1986) (A word limit "induces the advocate to write tight prose, which helps his client's cause."). Unfortunately, Plaintiff's declarations "read[] like a legal brief," and run afoul of the page limit when added to the already 30-page length of Plaintiff's summary judgment brief. *United States v. Sierra Pac. Indus.*, Case No. 2:09-CV-02445-JAM-EFB, Minute Order (E.D. Cal. Dec. 1, 2010) ECF No. 108 (striking a plaintiff's declaration on the basis that it "reads like a legal brief . . . .[is] argumentative, contain[s] inadmissible hearsay, and repeat[s] information previously provided to this Court.").

Plaintiff's declarations contain extensive argument in excess of the page limit. Denise Boggs's Declaration is over 30 pages long and includes five attachments. The large majority of the paragraphs and all of the exhibits are argumentative. *See, e.g.*, Boggs Decl. ¶ 77 ("This [quoted Forest Plan standard] can't be achieved if the Forest Service is not conducting appropriate protocol surveys, and since an 'unidentified' raptor was flushed from the Dutch Flat PAC territory, a goshawk could still be using it."), ¶ 70 ("I don't understand why the MNF chose here to use a document that is 14 years older for a different region than newer management recommendations specific to NE California. In my opinion this is arbitrary and capricious."). The other declarations are no different. *See, e.g.*, Lewis Decl. ¶ 30 ("There is no upward diameter limit on the Cove Fire Project protecting the largest and most fire-tolerant trees. I also understand that the Forest Service 'abandoned' its own tree removal guidelines; the criteria then for tree removal is likely based on commercial felling and removal criteria . . . ."); Haines Decl. ¶ 39 ("[T]he Modoc National Forest's Schedule of Proposed Actions (SOPA) never referenced the Cove Fire Project until after the scoping process had begun and ended . . . ."); Hanson Decl. Ex. 2 (various extra-record photographs, purportedly of the Project area); Haines Suppl. Decl. (in its entirety), Exs. 1-12 (12 photos purportedly taken in the Project area). In the case of the Haines

Supplementary Declaration, Plaintiff has also circumvented its summary judgment motion due date, as the Declaration was filed on April 21, 2019. The full catalog of inappropriate material that does not address standing in the declarations is as follows: Boggs Decl. ¶¶ 21-105, Exs. 1-5; Bevington Decl. ¶¶ 14, 16, 23-26, Ex. 1; Lewis Decl. ¶¶ 9, 11-20, 23-30; Hanson Decl. ¶¶ 9-11, 15-19, Ex. 2; Haines Decl. ¶¶ 21-25, 27-30, 32-33, 39; Haines Suppl. Decl. (in its entirety), Exs. 1-12.

The Court should strike these paragraphs and exhibits on the basis that they circumvent the page limit and thus violate the Court's order and prejudice Defendant.

## V. CONCLUSION

Plaintiff has not attempted to argue that its declarations fit into a record review exception. Further, Plaintiff's declarations violate the Court's orders by impermissibly expanding its summary judgment brief page limit. For the foregoing reasons, Defendant's Motion to Strike should be granted.

Respectfully submitted this 31st day of May, 2019.

        MCGREGOR W. SCOTT
        United States Attorney
        KELLI L. TAYLOR
        Assistant United States Attorney
        501 I Street, Suite 10-100
        Sacramento, CA 95814
        (916) 554-2700
        Kelli.L.Taylor@usdoj.gov

        JEAN E. WILLIAMS
        Deputy Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

         /s/ *Hayley A. Carpenter*
        HAYLEY A. CARPENTER, Trial Attorney,
        CA Bar No. 312611
        Trial Attorney
        Natural Resources Section
        P.O. Box 7611
        Washington, DC 20044 7611
        (202) 305-3895
        hayley.carpenter@usdoj.gov

|   |   |
|---|---|
| 1 | *Attorneys for the Defendant U.S. Forest Service* |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |